Americo Caparrelli
vs.
Joseph Sullivan, d/b, as La Salle Square Out Door Parking Grounds } No. 85081.

June 14, 1932.

CAPOTOSTO, J. Action for the value of an automobile claimed to have been parked with the defendant and not returned. Verdict for the defendant. Plaintiff files his motion for a new trial upon the usual grounds.

The plaintiff claims to have left his automobile on the defendant's parking grounds; that he paid the charges requested to one of defendant's servants and received a stub of identification; and that upon his return later in the evening the automobile was gone.

The defendant denied receipt of the automobile and further maintained that the stub presented by the plaintiff in evidence had not been used by him on that day. The remains of the automobile were located some few days later by the police in an isolated part of the town of Johnston. It had been burnt by some one.

The evidence preponderated in favor of the defendant. The physical characteristics of the stub itself invited suspicion. Considered in the light of the supporting testimony presented by the defendant, the jury was justified in reaching the conclusion which it did.

Motion for new trial denied.
For plaintiff: Knauer & Fowler.
For defendant: Edwards & Angell.

Oscar Trottier, Inc.
vs.
Max Richter } No. 87749.

June 14, 1932.

CAPOTOSTO, J. Assumpsit. Verdict for plaintiff for $569.43. New trial asked by the defendant on the ground that the verdict is against the evidence.

The evidence is conflicting, confused and indefinite. The bookkeeping is primitive and incomplete. It concerns extra work in plastering an apartment house. In this case the plastering involved two operations: the first coat, called "browning", and the second or finish coat. From the careless use of these terms various contradictory inferences are sought to be drawn by the respective parties. The Court inferred that in the technical language of the trade a charge for "browning" includes the replacement of finished plaster. It is construed to mean that the tradesman had to remove all coats down to the lathes. The defendant does not agree with this interpretation.

The whole question, both on liability and damages, was clearly one for the jury. It apparently gave the defendant certain credits, but refused to accept his version of the entire transaction. The jury was reasonably justified in interpreting the evidence as it did. Under such circumstances this Court does not feel that the verdict should be disturbed.

Motion for new trial denied.
For plaintiff: Hogan & Hogan.
For defendant: H. J. Eisenberg.